UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **DOCKET NO. 21-cv-0498** |
| REG. # 05711-068 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **FEDERAL BUREAU OF PRISONS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Frederick Banks on February 24, 2021, and amended, on proper forms, on June 1, 2021. Docs. 1, 6. On January 19, 2022, following an initial review, the Court ordered Banks to amend his petition to provide proof of exhaustion (doc. 20); he did so on January 31, 2022 (doc. 21). Banks is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Fort Dix, New Jersey. At the time of filing, he was incarcerated at the Federal Correctional Center in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons that follow, **IT IS RECOMMENDED** that the instant petition be **DENIED** and this matter be **DISMISSED WITH PREJUDICE**

### I.
#### BACKGROUND

Banks is currently serving sentences imposed on June 9, 2020, and July 12, 2020, by the United States District Court for the Western District of Pennsylvania. Doc. 6, p. 1, ¶ 4. He

contends that the Bureau of Prisons ("BOP") has erroneously calculated his sentence, depriving him of "800 First Step Act time credits" for classes he has completed. *Id*. at p. 6, ¶ 13.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Application*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court thus has no authority to designate or

calculate credit for time spent in jail prior to the commencement of a federal sentence. *See, e.g.*, *Wilson*, 112 S.Ct. at 1353–54. A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce*, 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

As a challenge to the calculation of his earned good conduct time, Banks' request for relief is properly before the court under § 2241, though subject to dismissal as unexhausted. Even assuming, however, that Banks could show an exception to the exhaustion requirement, he cannot prevail on his petition.

On January 1, 2021, Banks sought review of the Warden's denial of his request to have 800 First Step Act time credits applied to his Federal Time Credit, based on the fact that the Bureau of Prisons had not begun applying or calculating credit at that time. Doc. 21, att. 1, p. 7. "Policy

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the sua sponte dismissal of a § 2241 petition of exhaustion grounds. *See, e.g.*, *Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); *accord Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

governing the First Step Act and relevant Federal Time Credit is pending." *Id*. Banks contends that he is entitled to have these credits applied.

The majority of courts to interpret the statutory framework have agreed that the BOP was not required to apply earned time credits prior to expiration of the 2-year phase-in period on January 15, 2022. *Hills v. Carr,* Civil Action No. 4:21-CV-737-P, 2021 U.S. Dist. LEXIS 183829*8-9 (N.D. Tex. Sep. 27, 2021) (collecting cases). To resolve this issue, a court begins "with the text of the statute." *Id. (citing Permanent Mission of India to the United Nations v. City of New York*, 127 S. Ct. 2352, 2355 (2007). When faced with questions of statutory construction, a court must first determine whether the statutory text is plain and unambiguous and, if it is, the court must apply the statute according to its terms. *Id*. (citing *Carcieri v. Salazar*, 129 S. Ct. 1058, 1063-64 (2009).

Section 3621(h)(4) provides, in pertinent part, that during the two-year phase-in period, the BOP "may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in [18 U.S.C. § 3632(d)]." The language of § 3621(h)(4) indicates that the BOP has discretion, but is not required to, provide the programs and incentives during the phase-in period. 18 U.S.C. § 3621(h)(4). *Id*. The statute's use of "may" makes the BOP's decision to offer prisoners incentives and awards (including awarding time credits) before January 15, 2022, purely discretionary. *Id*. Nothing stated in the statutes mandates the BOP to award earned time credits prior to January 15, 2022. *Id*. Thus, the BOP is not obligated to award time credits to those who successfully complete the assigned programs and activities prior to January 15, 2022. *Id*.

## III.
### CONCLUSION

For the reasons stated above, Banks' petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the instant petition be **DENIED** and this matter be **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 16th day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE